IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCDONALD'S CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HOMELAND INSURANCE COMPANY OF NEW YORK, <br><br> Defendant. | Case No. 23 C 16297 <br><br> Hon. LaShonda A. Hunt |

### MEMORANDUM OPINION AND ORDER

Plaintiffs McDonald's Corporation and McDonald's USA LLC (collectively, "McDonald's") brought this action against Defendant Homeland Insurance Company of New York ("Homeland") challenging Homeland's denial of coverage under a commercial general liability insurance policy.[1] Currently before the Court are the parties' cross-motions for summary judgment with respect to Homeland's duty to defend McDonald's in a state court lawsuit. (*See* Dkts. 31, 37). For the reasons discussed below, Homeland's motion for summary judgment is granted, and McDonald's motion for partial summary judgment is denied.

### BACKGROUND[2]

During all relevant times, Ronnie L. Lofton, d/b/a Lofton & Lofton Management, Inc. ("Lofton & Lofton"), was a McDonald's franchisee who operated the McDonald's restaurant ("Restaurant") located at 5015 W. Madison St., Chicago, Illinois. (Pls.' Resp. Def.'s SOF ¶ 5, Dkt. 42) (hereinafter, "PRSOF"). From March 1, 2015 through March 1, 2018, Lofton & Lofton

---

[1] Defendant AmGuard Insurance Company was initially sued too but dismissed by McDonald's pursuant to a settlement in May 2024. (*See* Dkts. 48, 52).

[2] The facts are taken from the parties' Local Rule 56.1 Statements and are undisputed, unless otherwise noted.

1

maintained a commercial general liability policy ("Policy") issued by Homeland. (*Id.* ¶ 6). Section I of the Policy provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury'" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

(*Id.* ¶ 15). Importantly, the Policy dictates that a bodily injury is covered only if takes place during the policy period, *i.e.*, March 1, 2015, through March 1, 2018. (*Id.*). And "'[b]odily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (*Id.* ¶ 16).

McDonald's attempted to utilize the Policy after being sued by a Restaurant employee in the Circuit Court of Cook County, *Sonia Acuña, et al.* v. *McDonalds, et al.*, Case No. 2019 CH 13477 ("Underlying Action"). (*Id.* ¶ 7; Compl., at 66, Dkt. 1).[3] Ultimately, Acuna was a party to four different complaints in the Underlying Action; her participation culminated with the filing of the third amended complaint on July 19, 2021. (PRSOF ¶¶ 18-19). Since Acuna was the sole plaintiff in the Underlying Action who worked at the Restaurant, only her specific claims are relevant to this dispute. (*See id.* ¶ 20).

After evaluating the lawsuit and the Policy, Homeland denied coverage because Acuna did not allege any "bodily injury" during the policy period. (*See* Def.'s SOF, Ex. H, at 1020-1025, Dkt. 39-2). McDonald's filed this diversity lawsuit against Homeland asserting claims for breach of contract (count I) and unreasonable and vexatious denial of an insurance claim (count II).

---

[3] Page numbers in citations refer to the "PageID" in the CM/ECF header, not "Page __ of __" in the CM/ECF header or any page number appearing in the footer.

2

(Compl. at ¶¶ 27-31). After discovery, the parties each moved for summary judgment on the coverage dispute. (*See* Pls.' MSJ, Dkt. 31; Def.'s MSJ, Dkt. 37). Those motions are now ripe for review.

## **LEGAL STANDARD**

Summary judgment is proper when there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Med. Protective Co. of Fort Wayne, Ind. v. Am. Int'l Specialty Lines Ins. Co.*, 990 F.3d 1003, 1008 (7th Cir. 2021). Summary judgment "requires a non-moving party to respond to the moving party's properly supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted). The parties genuinely dispute a material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

McDonald's claims arise under state law, and the parties agree that Illinois law applies. In Illinois, "[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies." *Windridge of Naperville Condominium Ass'n v. Philadelphia Indemnity Ins. Co.*, 932 F.3d 1035, 1039 (7th Cir. 2019). The court's function is "to ascertain and give effect to the intention of the parties, as expressed in the policy language." *Thounsavath v. State Farm Mutual Automobile Ins. Co.*, 104 N.E.3d 1239, 1244 (Ill. 2018). If the policy is unambiguous, its terms must be applied as written. *Id.* Ambiguity exists if the language of the policy is subject to more than one reasonable interpretation as applied to the dispute before the court. *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1003-1004 (Ill. 2010). But disagreement between the parties as to meaning does not itself

make the policy ambiguous, and the court "will not strain to find an ambiguity where none exists." *Id.* at 1004. The inquiry here focuses on whether the terms are ambiguous as applied to the allegations before us. *Windridge*, 932 F.3d at 1039-1040.

## DISCUSSION

Before considering the merits, the Court must decide which complaint in the Underlying Action is the operative complaint that governs. The parties present different approaches to the issue. Homeland argues that the third amended complaint is proper because it is the final complaint in the Underlying Action where Acuna is a party. (Def.'s Reply, at 1585-1586, Dkt. 50). McDonald's position is less clear, as it argues in a scattershot manner that the original complaint applies, (Pls.' Mem. Supp., at 637, Dkt. 35) (defining the original complaint as the "Acuna Complaint"), but also identifies allegations in other complaints as relevant to the Court's analysis. (Pls.' Resp., at 1463-1465, Dkt. 41) (listing allegations in the original complaint and the amended complaint as relevant to the dispute). Regardless, McDonald's has it wrong.

Courts interpreting Illinois law have consistently explained that "[w]here an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn." *State Auto Prop. & Cas. Ins. Co. v. Shores Builders*, Inc., No. 3:19-CV-773-NJR, 2020 WL 5893525, at *4 (S.D. Ill. Oct. 5, 2020) (quoting *Bowman v. County of Lake*, 193 N.E.2d 833 (Ill. 1963)). This maxim applies to insurance coverage disputes like this one. *See id.* at *5 ("Illinois courts determine an insurer's duty to defend based on the new operative complaint."); *Pekin Ins. Co. v. CSR Roofing Contractors, Inc.*, 41 N.E.3d 559, 572-573 (Ill. App. Ct. 2015) (finding that the insurer owed the general contractor a duty to defend under the additional insured endorsement and acknowledging that "the amended complaint contains allegations suggesting potential negligence on the part of

4

[the named insured]: specifically, the [underlying plaintiffs] allege that [the named insured] failed to provide adequate safety gear in violation of OSHA regulations"); *Pekin Ins. Co. v. Johnson-Downs Constr., Inc.*, 87 N.E.3d 295, 300 (Ill. App. Ct. 2017) (noting that "[t]he factual allegations in the amended complaint state a vicarious liability claim that falls within the coverage of the insurance policy, and therefore, [plaintiff]'s amended complaint was not an improper or unsupported attempt to plead into coverage"). This principle is also consistent with Illinois precedent that "suggest[s] that an insured is entitled to new consideration of the insurer's duty to defend when the complaint in the underlying action is amended." *Walsh Const. Co. of Illinois v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 153 F.3d 830, 833 (7th Cir. 1998) (citing *Illinois Farmers Ins. Co. v. Preston*, 505 N.E.2d 1343, 1348 (Ill. App. Ct. 1987); *Millers Mut. Ins. Ass'n of Illinois v. Ainsworth Seed Co.*, 552 N.E.2d 254, 257-258, 141 Ill. Dec. 886 (Ill. App. Ct. 1989)). Because the final complaint that involved Acuna in the Underlying Action is the third amended complaint ("Operative Complaint"), the Court focuses on that filing in its analysis.

Turning to the issue *du jour*, the Court must determine whether Homeland had a duty to defend McDonald's in the Underlying Action. The parties agree that only the allegations in the Underlying Action related to Acuna are determinative. They just disagree on which allegations warrant the Court's consideration. The Operative Complaint includes allegations of specific incidents involving Acuna, which McDonald's concedes cannot trigger Homeland's duty to defend because they occurred outside the policy period,[4] and more generalized allegations of harm.

---

[4] Here, the Operative Complaint includes the following allegations related specifically to Acuna. She allegedly "has witnessed and been affected by violence while working at" the Restaurant. (Operative Complaint, Ex. P, ¶ 138, at 1365, Dkt. 39-2). For example, Acuna identified certain episodes such as in January or February of 2019 a dead body was found in the Restaurant's restroom, and she visited the restroom after the body was removed by police and "saw blood everywhere." (*Id.*). And in February 2019, a customer pepper sprayed employees and Acuna, who was working in kitchen at the time, could not breathe because of the spray. (*Id.*). While these ordeals may have caused pain and trauma, they occurred outside of the policy period, which ended March 1, 2018, (PRSOF ¶ 6), and

McDonald's contends that the generalized occurrences are enough to trigger Homeland's duty. (*See* Pls.' Resp., at 1464). Homeland, on the other hand, counters that these "generalized prefatory allegations," do not amount to a "bodily injury" suffered by Acuna during the policy period. (Def.'s Reply, at 1587). The Court agrees with Homeland.

The duty to defend under Illinois law "is serious business." *St. Paul Guardian Ins. Co. v. Walsh Constr. Co.*, 99 F.4th 1035, 1045 (7th Cir. 2024) (Scudder, J., concurring in part, and dissenting in part). An insurer has a duty to defend when "the complaint's allegations fall within or potentially [fall] within the coverage provisions of the policy." *Id.* at 1042 (Lee, J.) (quoting *Lyons v. State Farm Fire & Cas. Co.*, 811 N.E.2d 718, 721 (Ill. App. Ct. 2005)). "Because a complaint 'need not allege or use language affirmatively bringing the claims within the scope of the policy,' the duty to defend is broader than the duty to indemnify." *Id.* at 1042-1043 (quoting *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 827 (7th Cir. 1992)).

The duty to defend depends on the facts underlying a complaint, not the specific legal theory on which the plaintiffs base their claims. *Id.* at 1043. To determine whether there is a duty to defend, Illinois courts follow the so-called "eight-corners rule." *United Fire & Cas. Co. v. Prate Roofing & Installations, LLC*, 7 F.4th 573, 579-580 (7th Cir. 2021). Under that rule, courts determine the duty to defend by looking "only within the four corners of the insurance policy and the four corners of the complaint for which defense is sought." *Id.* The threshold for pleading a duty to defend in Illinois is low. *St. Paul*, 99 F.4th at 1043. Courts interpreting Illinois law have used very broad language to describe the scope of the duty. *See, e.g., Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020) ("An insurer can only refuse to defend

---

therefore cannot be relied upon as the basis for Homeland's duty to defend. McDonald's concedes this point and focuses its argument on other allegations. (*See* Pls.' Resp., at 1464).

if the allegations of the underlying complaint preclude any possibility of coverage."). And "[t]he underlying complaint[] and the insurance polic[y] must be liberally construed in favor of the insured." *Lagestee-Mulder, Inc. v. Consol. Ins. Co.*, 682 F.3d 1054, 1057 (7th Cir. 2012).

"[T]he insurer's duty to defend while broad, is not without limits." *Lagestee-Mulder*, 682 F.3d at 1059. Indeed, notwithstanding the breadth of the duty, the claim against the insured must still contain "explicit factual allegations that potentially fall within policy coverage." *Id.* at 1058-1059 (quoting *Amerisure Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010)). While the Court must examine the underlying claims with care, it cannot "read into the complaint facts that are not there." *Id.* at 1059. And generalized allegations are not enough. *See St. Paul*, 99 F.4th at 1044 (finding that insurers did not have a duty to defend based on "generalized statement[s] of damages" and "conclusory requests for relief").

In the instant case, the Policy triggers Homeland's duty to defend only where a lawsuit is filed against the insured and seeks "damages because of 'bodily injury' . . . ." (PRSOF ¶ 15). "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (*Id.* ¶ 16). When construing an identical definition of "bodily injury," Illinois courts restricted the definition to "actual physical injury." *SCR Med. Transp. Servs. v. Browne*, 781 N.E.2d 564, 571 (Ill. App. Ct. 2002) (collecting cases). In other words, this definition does not include emotional or psychological injuries such as "fear and anxiety." *Id.*; *see also Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 696-697 (7th Cir. 2009) (stating that Illinois case law "clearly hold[s]" that emotional distress is not "bodily injury"); *Taaffe v. Selective Ins. Co.*, No. 20 CV 3417, 2020 WL 6203362, at *3 (N.D. Ill. Oct. 22, 2020) (stating that "bodily injury" is "unambiguous" and "requires actual physical injury").

McDonald's argues that allegations similar to those below are sufficient to trigger Homeland's duty to defend:

- "Plaintiffs are regularly exposed to violent and criminal behavior by customers."
- "Plaintiffs suffered physical and psychological harm from the violence they experienced while working at McDonald's Restaurants. They each fear that they will face violence in the future."
- "Plaintiff[] Acuna . . . face[s] a constant and continuing risk of violence due to the negligence of McDonald's."
- "Plaintiff Sonia Acuna . . . has witnessed and been affected by violence while working at the [Restaurant]."
- "It is common for customers to come to [the Restaurant] intoxicated during [Acuna's] shift and act violently."
- "Acuna witnessed customers throw coffee at co-workers approximately once a month."

(Pls.' Resp., at 1464) (*See also* Operative Complaint, ¶¶ 4-5, 138, 247, at 1342-1343, 1365-1366, 1385). Its rationale is that the "bodily injur[ies] of others caused [Acuna] emotional distress." (Pls.' Reply, at 1575, Dkt. 47) (*See also* Pls.' Resp., at 1468-1470). However, these allegations do not establish that Acuna is asserting a bodily injury—an actual physical injury—as the Policy requires.

The gist of Acuna's claims is that witnessing bodily injury inflicted on others resulted in psychological harm to her. No doubt, extended violence and trauma can produce strong reactions in a physical body. Even so, as the Court has already pointed out *supra*, there is ample precedent under Illinois law rejecting the contention that "actual physical injury" can be construed so broadly as to encompass what are essentially emotional injuries. And contrary to McDonald's contentions, Seventh Circuit precedent does not support its position. In *Cincinnati Ins. Co. v. H.D. Smith, LLC*, the court found a duty to defend a suit brought by a plaintiff seeking to recover money paid to care for third-parties injured by the defendant. 829 F.3d 771, 773 (7th Cir. 2014). The policy language there specifically provided, though, that "'damages because of bodily injury' include[d] 'damages claimed by any person or organization for care . . . resulting at any time from the bodily injury.'"

8

*Id.* While it is true that the Seventh Circuit explained that the language "because of bodily injury" is interpreted more expansively than "for bodily injury," *id.* at 774, its conclusion that the plaintiff's claims were potentially covered was tethered to the specific facts of that case where the policy included recovery for injuries to third-parties. Both Acuna's legal theory and the Policy are easily distinguishable.

Moreover, Acuna did not even seek damages for her observations. For example, paragraph 243 of the Operative Complaint states that "Acuna suffered injury when a customer pepper sprayed employees, causing difficulty breathing." (Operative Complaint, ¶ 243, at 1385). And the following paragraph states that "Plaintiff[] Acuna . . . seek[s] damages as well as injunctive relief to remedy [her] injur[y]." (*Id.* ¶ 244, at 1385). She also claimed to face a "constant and continuing risk of violence" to support a request for *injunctive* relief. (*Id.* ¶ 247, at 1385). It is uncontested that the pepper spray incident and her future risk of violence occurred and are occurring outside the policy period. (*See* Pls.' Resp., at 1464). The Operative Complaint, and all preceding complaints for that matter, are therefore devoid of facts establishing that Acuna sought damages for a covered bodily injury that occurred during the policy period.

At bottom, McDonald's argues that all generalized conduct alleged in the Underlying Action should be attributable to Acuna's injuries, triggering Homeland's duty to defend. However, the Court cannot find a duty to defend based off such conjecture. *See St. Paul*, 99 F.4th at 1044 ("The duty to defend may be broad, but Illinois law does not permit us to speculate about possible factual scenarios that are absent from the claim itself."). Even if it could, second-hand injuries such as fear and emotional distress caused by viewing other persons' bodily injuries are simply not covered by the Policy. The Court therefore finds no duty to defend and grants summary judgment

9

on counts I and II of the complaint in favor of Homeland, and denies summary judgment for McDonald's.

## **CONCLUSION**

For all the foregoing reasons, summary judgment is granted in favor of Defendant and against Plaintiffs. Judgment will be entered in favor of Defendant.

**DATED**: September 10, 2025　　　　　　　**ENTERED**:

*LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge